IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
|
ALFRED MORIN,                                   |
     Plaintiff,                              |
                                             |
     v.                                      |
                                             |
WILLIAM LYVER,                                   |
*in his official capacity as*                    |
*Northborough Chief of Police*,                  |
     Defendant.                              |
_____|

## COMPLAINT

Now come the Plaintiff, Alfred Morin, by and through undersigned counsel, and

complains of Defendants as follows:

### THE PARTIES

*1.*   Plaintiff Alfred Morin, PhD ("Dr. Morin") is a natural person and a resident of the

town of Northborough in the county of Worcester in the Commonwealth of

Massachusetts and is a United States Citizen.

*2.*   Defendant William Lyver, in his official capacity as Northborough Chief of

Police, is the authority charged with issuing Massachusetts Firearm Identification

Cards, Licenses to Carry, and Permits to Purchase to residents of Northborough,

Massachusetts and is located in the town of Northborough in the County of

Worcester in the Commonwealth of Massachusetts.

### JURISDICTION AND VENUE

*3.*   Jurisdiction is founded on 28 U.S.C. § 1331 in that this action arises under the

Constitution and laws of the United States, and under 28 U.S.C. § 1343(a)(3) in

that this action seeks to redress the deprivation, under color of the laws, statute, ordinances, regulations, customs, and usages of the Commonwealth of Massachusetts of rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

4.  This action seeks relief pursuant to 28 U.S.C. §§ 2201-2202 and 42 U.S.C. §§ 1981(a), 1983. Venue lies in this district pursuant to 28 U.S.C. § 1391.

<u>STATEMENT OF FACTS</u>

*Plaintiff's Background*

5.  Dr. Morin holds a PhD in Experimental Psychology, is over the age of 21, is not under indictment, has never been convicted of a felony or misdemeanor crime of violence, is not a  fugitive from justice, is not an unlawful user of or addicted to any controlled substance, has not been adjudicated a mental defective or committed to a mental institution, has not been discharged from the Armed Forces under dishonorable conditions, has never renounced his citizenship, and has never been the subject of a restraining order relating to an intimate partner.

6.  From about 1985 through 2008 Dr. Morin had a License to Carry Firearms ("LTC") issued by the Commonwealth of Massachusetts.

7.  In October 2004 Dr. Morin drove from Massachusetts to Washington, DC to visit his daughter.

8.  As was his habit, Dr. Morin carried his Colt .380 pistol during this trip.

9.  While entering a Smithsonian Museum in the District of Columbia, Dr. Morin noticed a sign banning firearms from the museum and approached a guard to check his pistol.

10. The museum guards contacted the U.S. Park Police who arrested Dr. Morin and charged him with Carrying a Pistol without a License, Possession of Unregistered Firearm, and Unlawful Possession of Ammunition.

11. On or about November 8, 2004, Dr. Morin entered a plea of guilty of Attempt Carrying a Pistol w/o a License (22-3294(a)(1)) and Unregistered Firearms (6-2376) in the Superior Court of the District of Columbia.

12. At the time of his charges, an attempted crime was a misdemeanor (§22-1803) in the District of Columbia and carried a maximum sentence of 180 days imprisonment.

13. Possession of an unregistered firearm in the District of Columbia is a misdemeanor and carries a maximum sentence of not more than one-year imprisonment.

14. For the above plea, Dr. Morin was sentenced to Sixty Days, suspended, three months Supervised Probation and twenty hours of community service.

15. The misdemeanor charges brought against Dr. Morin have no elements of intent, *scienter*, or *mens rea*.

16. Dr. Morin was not aware that his Massachusetts License to Carry Firearms was not recognized outside the Commonwealth of Massachusetts.

17. Other than his arrest and conviction in the District of Columbia in 2004, Dr. Morin has no criminal record.

18. In 2008, Dr. Morin's application to renew his License to Carry was denied, citing a conviction of "a violation of any law regulating the use, possession, ownership,

transfer, purchase, sale, lease, rental, receipt or transportation of weapons or ammunition for which a term of imprisonment may be imposed".

19. As a result of the denial of his application for a License to Carry, Dr. Morin was ordered to surrender "all firearms, large capacity feeding devices, rifles, shotguns and ammunition" that he then possessed or owned.

20. Dr. Morin seeks to possess a handgun in his home for self-defense.

21. On February 22, 2018, Dr. Morin submitted applications for a Firearms Identification Card and Permit to Purchase Firearms to Defendant Lyver citing self-defense in the home as the reason for requesting the license.

22. On April 4, 2018, Defendant Lyver wrote to Dr. Morin that he must deny the application as the 2004 conviction is a "statutory disqualifier under Mass. Gen. Laws ch. 140, § 131(d)(ii)(D) and Mass. Gen. Laws ch. 140, § 131A".

23. In 2015, Dr. Morin was also denied a License to Carry Firearms by the town of Northborough, also citing the statutory disqualifier under Mass. Gen. Laws ch. 140, § 131(d)(ii)(D).

24. On May 16, 2018, defendant Lyver issued an FID Card to Plaintiff Morin.

25. Without a License to Carry or Permit to Purchase, Dr. Morin has no lawful method to purchase a handgun for use in the home for self-defense.

26. Defendants' actions in denying Plaintiff a Permit to Purchase has denied Plaintiff his right to possess a firearm in his home as protected by the Second and Fourteenth Amendments to the U.S. Constitution.

*Constitutional Provisions*

27. The Second Amendment provides: A well regulated Militia, being necessary to the security of a free state, the right of the people to keep and bear Arms, shall not be infringed. U.S. Const. amend II.

28. The Second Amendment guarantees the individual right to possess a firearm in the home for the purpose of self-defense." District of Columbia v. Heller, 554 U.S. 570 (2008).

29. The Fourteenth Amendment provides: "No State shall … deprive any person of life, liberty, or property, without due process of law". U.S. Const. amend IV.

30. The Second Amendment "is fully applicable against the States." McDonald v. Chicago, 561 U.S. 742 (2010).

*Defendant's Regulatory Scheme*

31. Residents of Massachusetts must obtain a license to both purchase and possess firearms, ammunition, and feeding devices. Mass. Gen. Laws ch. 140, § 129C, 131, 131E, ch. 269 § 10.

32. Mass. Gen. Laws ch. 140, § 128 imposes criminal penalties of up to ten years in prison for anyone convicted of selling or transferring firearms without complying with licensing provisions contained in Section 122.

33. Mass. Gen. Laws ch. 140, § 123 prohibits a licensee from transferring a firearm to anyone without a License to Carry or Permit to Purchase.

34. Mass. Gen. Laws ch. 140, § 128A permits private parties to sell or transfer handguns to individuals with a License to Carry or Permit to Purchase.

35. Local Police Chiefs/Commissioners administer firearms licensing for any person residing or having a place of business within the jurisdiction of the licensing authority. Mass. Gen. Laws ch. 140, §§ 121, 129B, and 131.

36. Applicants who are considered prohibited persons will not be granted a License to Carry. Mass. Gen. Laws ch. 140, § 131(d).

37. Applicants who are considered prohibited persons will not be granted a Permit to Purchase. Mass. Gen. Laws ch. 140, § 131A.

38. A prohibited person includes persons who:

> (ii) has, in any other state or federal jurisdiction, been convicted or adjudicated a youthful offender or delinquent child for the commission of (A) a felony; (B) a misdemeanor punishable by imprisonment for more than 2 years; (C) a violent crime as defined in section 121; (D) a violation of any law regulating the use, possession, ownership, transfer, purchase, sale, lease, rental, receipt or transportation of weapons or ammunition for which a term of imprisonment may be imposed; (E) a violation of any law regulating the use, possession or sale of a controlled substance as defined in said section 1 of said chapter 94C including, but not limited to, a violation of said chapter 94C; or (F) a misdemeanor crime of domestic violence as defined in 18 U.S.C. 921(a)(33); Mass. Gen. Laws ch. 140, § 131(d)(ii)

39. Felonies, misdemeanors punishable by imprisonment for more than 2 years, violent crimes, controlled substance crimes, and crimes of domestic violence are already disqualifiers based on Mass. Gen. Laws ch. 140, § 131.

40. Only non-violent misdemeanors not punishable by a term of imprisonment for more than 2 years that involve weapons or ammunition are disqualifiers solely under Mass. Gen. Laws ch. 140, § 131(d)(ii)(D).

The defendant's licensing scheme precludes Dr. Morin from lawfully obtaining a firearm to possess in the home for the purposes of self-defense.

## COUNT I

<u>Violation of Second Amendment Rights</u>

*41.* PLAINTIFF restates and re-alleges each and every allegation in paragraphs 1

through 40 of this Complaint with the same force and effect as if fully set forth

herein.

*42.* The Defendant's refusal to issue a License to the defendant due to his non–

violent, misdemeanor conviction involving a firearm violates Dr. Morin's

individual right to possess a handgun for defense of hearth and home secured by

the Second Amendment to the United States Constitution.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendant as follows:

1. Declaratory judgment that Mass. Gen. Laws ch. 140, § 131(d)(ii)(D), violates Plaintiff's constitutional right to keep and bear arms under the Second and Fourteenth Amendments to the U.S. Constitution, to the extent they allow Defendants to prohibit otherwise qualified private citizens from purchasing and possessing "firearms" for the purpose of self-defense in the home;

2. declaratory judgment that the denial of Plaintiff's applications for a Massachusetts License to Carry and Permit to Purchase violates Plaintiff's constitutional right to keep and bear arms under the Second and Fourteenth Amendments to the U.S. Constitution;

3. granting injunctive relief requiring defendants to issue a Massachusetts LTC or Permit to Purchase to plaintiff sufficient for plaintiff to possess and purchase a firearm for the purpose of self-defense in the home;

4. An Order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing the customs, policies and practices related to enforcement of Mass. Gen. Laws ch. 140, §§ 131(d)(ii)(D);

5. awarding Plaintiff his reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

6. such other relief as the court deems just.

July 18, 2018

Respectfully submitted,
Alfred L. Morin,

By his attorney,

/s/ J. Steven Foley
J. Steven Foley
BBO # 685741
Law Office of J. Steven Foley
100 Pleasant Street #100
Worcester, MA 01609
Tel: 508-754-1041
Fax: 508-739-4051
JSteven@attorneyfoley.com