COMMONWEALTH OF MASSACHUSETTS
UNITED STATES DISTRICT COURT

DOCKET NO. 4:18-cv-40121-TSH

| | |
|---|---|
| ALFRED MORIN,<br><br>     Plaintiff<br><br>v.<br><br>WILLIAM LYVER, in his official capacity as NORTHBOROUGH CHIEF OF POLICE,<br><br>     Defendant | ANSWER |

Now comes the defendant, William Lyver, in his official capacity as Chief of Police of the Town of Northborough, and answers the plaintiff's Complaint as follows:

## COMPLAINT

This is an introductory statement not requiring a response by the defendant.

## THE PARTIES

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.
2. Admitted.

## JURISDICTION AND VENUE

3. The defendant states that paragraph 3 of the Complaint contains conclusions of law for which no answer is required. To the extent a response is required, the defendant states that the statutory and constitutional references contained in paragraph 3 of the Complaint speak for themselves and denies that any deprivation, to the extent alleged, has occurred.

4. The defendant states that paragraph 4 of the Complaint contains conclusions of law and requests for relief for which no answer is required. To the extent a response is required, the defendant states that the statutory references contained in paragraph 4 of the Complaint speak for themselves and denies that the plaintiff is entitled to the relief requested.

## STATEMENT OF FACTS

*Plaintiff's Background*

5. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12. The defendant states that paragraph 12 of the Complaint contains conclusions of law and requests for relief for which no answer is required. To the extent a response is required,

the defendant states that the statutory references contained in paragraph 12 of the Complaint speak for themselves.

13. The defendant states that paragraph 13 of the Complaint contains conclusions of law and requests for relief for which no answer is required. To the extent a response is required, the defendant states that the statutory references contained in paragraph 14 of the Complaint speak for themselves.

14. Admitted only that the plaintiff was sentenced to 60 days as a result of the criminal charges for carrying a pistol without a license, unregistered ammunition and unregistered firearms. The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 13 of the Complaint.

15. The defendant states that paragraph 15 of the Complaint contains conclusions of law for which no answer is required. To the extent a response is required, the defendant states that the legal references contained in paragraph 15 of the Complaint speak for themselves.

16. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18. The 2008 denial letter referenced in paragraph 18 of the Complaint speaks for itself.

19. The 2008 denial letter referenced in paragraph 19 of the Complaint speaks for itself.

20. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21. Admitted that the plaintiff applied to the Northborough Police Department in 2018 for a firearms identification card and a permit to purchase.

22. Admitted. Further answering, the defendant states that the denial letter referenced in paragraph 22 of the Complaint speaks for itself.

23. Admitted. Further answering, the defendant states that the denial letter referenced in paragraph 23 of the Complaint speaks for itself.

24. Admitted.

25. The defendant states that paragraph 25 of the Complaint contains conclusions of law for which no answer is required.

26. Denied.

*Constitutional Provisions*

27. The defendant states that paragraph 27 of the Complaint contains conclusions of law for which no answer is required. To the extent a response is required, the defendant states that the Second Amendment, as referenced in paragraph 27 of the Complaint, speaks for itself.

28. The defendant states that paragraph 28 of the Complaint contains conclusions of law for which no answer is required. To the extent a response is required, the defendant states that the decision of District of Columbia v. Heller, 554 U.S. 570 (2008), as referenced in paragraph 28 of the Complaint, speaks for itself.

29. The defendant states that paragraph 29 of the Complaint contains conclusions of law for which no answer is required. To the extent a response is required, the defendant states that the Fourteenth Amendment, as referenced in paragraph 29 of the Complaint, speaks for itself.

30. The defendant states that paragraph 30 of the Complaint contains conclusions of law for which no answer is required. To the extent a response is required, the defendant states that the decision of McDonald v. Chicago, 561 U.S. 742 (2010), as referenced in paragraph 30 of the Complaint, speaks for itself.

*Defendant's Regulatory Scheme*

31. The defendant states that paragraph 31 of the Complaint contains conclusions of law for which no answer is required. To the extent a response is required, the defendant states that G.L. c. 140, §§129C, 131, 131E and G.L. c. 269, §10, as referenced in paragraph 31 of the Complaint, speak for themselves.

32. The defendant states that paragraph 32 of the Complaint contains conclusions of law for which no answer is required. To the extent a response is required, the defendant states that G.L. c. 140, §128, as referenced in paragraph 32 of the Complaint, speak for themselves.

33. The defendant states that paragraph 33 of the Complaint contains conclusions of law for which no answer is required. To the extent a response is required, the defendant states that G.L. c. 140, §123, as referenced in paragraph 33 of the Complaint, speaks for itself.

34. The defendant states that paragraph 34 of the Complaint contains conclusions of law for which no answer is required. To the extent a response is required, the defendant states that G.L. c. 140, 128A, as referenced in paragraph 34 of the Complaint, speaks for itself.

35. Denied. Further answering, the defendant states the issuance of firearms license is governed by the statutory requirements set forth by G.L. c. 140, §§121, 129B and 131, including any amendments thereto, as referenced in paragraph 35 of the Complaint, speaks for itself.

36. The defendant states that paragraph 36 of the Complaint contains conclusions of law for which no answer is required. To the extent a response is required, the defendant states that G.L. c. 140, 131(d), as referenced in paragraph 36 of the Complaint, speaks for itself.

37. The defendant states that paragraph 37 of the Complaint contains conclusions of law for which no answer is required. To the extent a response is required, the defendant states that G.L. c. 140, §131A, as referenced in paragraph 37 of the Complaint, speaks for itself.

38. The defendant states that paragraph 38 of the Complaint contains conclusions of law for which no answer is required. To the extent a response is required, the defendant states that G.L. c. 140, §131, as referenced in paragraph 38 of the Complaint, speaks for itself.

39. The defendant states that paragraph 39 of the Complaint contains conclusions of law for which no answer is required. To the extent a response is required, the defendant states that G.L. c. 140, §131, as referenced in paragraph 39 of the Complaint, speaks for itself.

40. The defendant states that paragraph 40 of the Complaint contains conclusions of law for which no answer is required. To the extent a response is required, the defendant states that G.L. c. 140, §131(d), as referenced in paragraph 40 of the Complaint, speaks for itself. Further answering, the defendant denies the second sentence of paragraph 40 of the Complaint and denies that it is the "defendant's licensing scheme," as alleged.

## COUNT I

### Violation of Second Amendment Rights

41. The defendant restates and incorporates by reference his responses to paragraphs 1 through 40 of the Complaint.

42. Denied.

## PRAYER FOR RELIEF

The Prayers for Relief following paragraph 42 of the Complaint comprise statements of relief sought by the plaintiff not requiring a response by the defendant. The defendant, however, denies that the plaintiff is entitled to the relief, damages, costs or attorney's fees sought.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND DEFENSE

At all relevant times, the defendant acted in compliance with his statutory obligations, including, but not limited to, G.L. c. 140.

### THIRD DEFENSE

The Complaint must be dismissed for plaintiff's failure to exhaust his administrative remedies.

### FOURTH DEFENSE

The Complaint must be dismissed because the plaintiff has failed to name a necessary party.

### FIFTH DEFENSE

The defendant did not engage in any actionable municipal custom or policy comprising the motivating force behind the alleged violations of plaintiff's rights.

## SIXTH DEFENSE

The defendant denies any and all of plaintiff's allegations of wrongful conduct and state that he was at all relevant times a public employee acting within the scope of his employment with good faith and in the reasonable belief that their actions were lawful.

## SEVENTH DEFENSE

The plaintiff's claims are barred against the defendant pursuant to G.L. c. 231A, §8 and 28 U.S.C. §2403 and on grounds that there is no cognizable case or controversy.

## EIGHTH DEFENSE

The alleged acts or omissions of the defendant were not the cause, proximate or otherwise, of the plaintiff's alleged injury.

## NINTH DEFENSE

The claims arising out of the subject matter of the occurrences alleged are barred as the defendant was carrying out law enforcement functions in good faith.

## TENTH DEFENSE

The Complaint fails to state a claim for a constitutional violation under either the United States Constitution or the Massachusetts Declaration of Rights.

## ELEVENTH DEFENSE

The defendant states that all or substantially all of the claims made by the plaintiff against the them are wholly insubstantial, frivolous and not advanced in good faith and, as a result, the defendant is entitled to reasonable counsel fees as well as other costs and expenses incurred in defending against such claims pursuant to G.L. c.231, §6F.

WHEREFORE, the defendant demands that the Complaint be dismissed, that judgment be entered in his favor, and that said defendant be awarded his costs and reasonable attorneys' fees.

WILLIAM LYVER, Northborough Chief of Police

By his attorneys,

/s/ Janelle M. Austin
Janelle M. Austin (BBO# 666835)
Brian W. Riley (BBO# 555385)
KP Law, P.C.
 Town Counsel
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
jaustin@k-plaw.com
briley@k-plaw.com

CERTIFICATE OF SERVICE

I, Janelle M. Austin, certify that the above document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be served upon any party or counsel of record who is not a registered participant of the Court's ECF system upon notification by the Court of those individuals who will not be served electronically.  /s/ Janelle M. Austin

643186/NBOR/0155