UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALFRED MORIN,<br><br>                Plaintiff,<br><br>        v.<br><br>WILLIAM LYVER, in his official capacity as Northborough Chief of Police,<br><br>                Defendant. | CIVIL ACTION NO.<br>4:18-cv-40121 |

**ASSENTED-TO MOTION BY THE COMMONWEALTH OF
MASSACHUSETTS TO INTERVENE AS OF RIGHT
TO DEFEND THE CONSTITUTIONALITY OF STATE STATUTES**

The Commonwealth of Massachusetts hereby moves pursuant to 28 U.S.C. § 2403(b) and Federal Rule of Civil Procedure 24(a)(1) to intervene as of right for the limited purpose of defending the constitutionality of Mass. Gen. Laws c. 140, § 131(d)(ii)(D), which has been drawn into question by the plaintiff. The Commonwealth seeks to intervene to defend against the plaintiff's claims for declaratory and injunctive relief, and states that in doing so it does not waive its sovereign immunity against suit and liability under the Eleventh Amendment to the United States Constitution. *See Comfort ex rel. Neumyer v. Lynn School Committee*, 131 F. Supp. 2d 253, 254 n. 2 (D. Mass. 2001) (Commonwealth's intervention pursuant to § 2403(b) for the limited purpose of defending the constitutional validity of a state statute did not constitute a waiver of its sovereign immunity and immunity from suit in federal court).

The Commonwealth has a right to intervene under 28 U.S.C. § 2403(b), which provides in relevant part:

> In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality

> of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality.

The conditions for intervention under § 2403(b) are met in this case. The plaintiff seeks to "dra[w] in question" the constitutionality of a Massachusetts statute, Mass. Gen. Laws c. 140, § 131(d)(ii)(D), and neither the Commonwealth nor any agency, officer, or employee of the Commonwealth has been made a party. The plaintiff claims that, as applied to him, this provision violates the Second Amendment of the United States Constitution. Compl. ¶¶ 41–42.

The Commonwealth has a strong interest in defending the constitutionality of state statutes. And under Massachusetts law, the Attorney General has the "right to be heard in litigation to represent the interests of the Commonwealth when the constitutionality of its laws is put in question." *Feeney v. Commonwealth*, 373 Mass. 359, 366 (1977).

The plaintiff and the current defendant both assent to this motion. No party will be unfairly prejudiced by the intervention of the Commonwealth. As required by Federal Rule of Civil Procedure 24(c), this motion is being filed together with an answer of the intervenor.

Respectfully submitted,

COMMONWEALTH OF MASSACHUSETTS,

By its attorney,

MAURA HEALEY
ATTORNEY GENERAL

/s/ Julia Kobick
Julia Kobick (BBO #680194)
Assistant Attorney General
Government Bureau
Office of the Massachusetts Attorney General
One Ashburton Place, 20th Floor
Boston, Massachusetts 02108
(617) 963-2559
Julia.Kobick@state.ma.us

DATED: October 26, 2018

## CERTIFICATE OF SERVICE

I, Julia Kobick, hereby certify that, this 26th day of October, 2018, I filed the foregoing motion through the Electronic Case Filing system and thus copies of the foregoing will be sent electronically to the registered participants as identified on the Notice of Electronic Filing. Paper copies will be sent, via first-class mail, to those indicated as non-registered participants.

/s/ Julia Kobick
Julia Kobick
Assistant Attorney General

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1(A)(2)

I certify that I conferred with counsel for the plaintiff and defendant by email on October 24, 2018, and that all parties assent to the Commonwealth's motion to intervene.

/s/ Julia Kobick
Julia Kobick
Assistant Attorney General