UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALFRED MORIN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>WILLIAM LYVER, in his official capacity as Northborough Chief of Police,<br><br>　　　　　　Defendant. | CIVIL ACTION NO.<br>4:18-cv-40121 |

**THE INTERVENOR COMMONWEALTH OF MASSACHUSETTS'S**
**<u>ANSWER TO THE COMPLAINT</u>**

The Intervenor Commonwealth of Massachusetts answers the numbered paragraphs of the Complaint as follows:

1.　　　The Commonwealth is without knowledge or information sufficient to admit or deny the allegations of paragraph 1.

2.　　　The Commonwealth admits that William Lyver is the Northborough Chief of Police and, in his official capacity as Chief of Police, is a licensing authority under Mass. Gen. Laws c. 140, § 131. The Commonwealth admits that the town of Northborough is located in the County of Worcester in the Commonwealth of Massachusetts.

3.　　　Paragraph 3 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

4.　　　Paragraph 4 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

5.　　　The Commonwealth is without knowledge or information sufficient to admit or deny the allegations of paragraph 5.

6. The Commonwealth admits that the plaintiff was issued a license to carry firearms by the Commonwealth between 1995 and 2008. The Commonwealth is without knowledge or information sufficient to admit or deny the allegations regarding the plaintiff's possession of a license to carry firearms between 1985 and 1995.

7. The Commonwealth is without knowledge or information sufficient to admit or deny the allegations of paragraph 7.

8. The Commonwealth is without knowledge or information sufficient to admit or deny the allegations of paragraph 8.

9. The Commonwealth is without knowledge or information sufficient to admit or deny the allegations of paragraph 9.

10. The Commonwealth is without knowledge or information sufficient to admit or deny the allegations of paragraph 10.

11. The Commonwealth is without knowledge or information sufficient to admit or deny the allegations of paragraph 11.

12. Paragraph 12 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

13. Paragraph 13 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

14. The Commonwealth is without knowledge or information sufficient to admit or deny the allegations of paragraph 14.

15. Paragraph 15 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

16. The Commonwealth is without knowledge or information sufficient to admit or deny the allegations of paragraph 16.

17. The Commonwealth is without knowledge or information sufficient to admit or deny the allegations of paragraph 17.

18. The Commonwealth admits paragraph 18.

19. The Commonwealth admits paragraph 19.

20. The Commonwealth is without knowledge or information sufficient to admit or deny the allegations of paragraph 20.

21. The Commonwealth is without knowledge or information sufficient to admit or deny the allegations of paragraph 21.

22. The Commonwealth is without knowledge or information sufficient to admit or deny the allegations of paragraph 22.

23. The Commonwealth admits paragraph 23.

24. The Commonwealth is without knowledge or information sufficient to admit or deny the allegations of paragraph 24.

25. Paragraph 25 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

26. Paragraph 26 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.

27. Paragraph 27 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead quotes from or characterizes the Second Amendment, which speaks for itself.

28. Paragraph 28 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead quotes from or characterizes the cited Supreme Court decision, which speaks for itself.

29. Paragraph 29 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead quotes from or characterizes the Fourteenth Amendment, which speaks for itself.

30. Paragraph 28 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead quotes from or characterizes the cited Supreme Court decision, which speaks for itself.

31. Paragraph 31 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead quotes from or characterizes the cited statutes, which speaks for themselves.

32. Paragraph 32 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead quotes from or characterizes the cited statutes, which speaks for themselves.

33. Paragraph 33 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead quotes from or characterizes the cited statute, which speaks for itself.

34. Paragraph 34 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead quotes from or characterizes the cited statute, which speaks for itself.

35. Paragraph 35 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead quotes from or characterizes the cited statutes, which speak for themselves.

36. Paragraph 36 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead quotes from or characterizes the cited statute, which speaks for itself.

37. Paragraph 37 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead quotes from or characterizes the cited statute, which speaks for itself.

38. Paragraph 38 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead quotes from or characterizes the cited statute, which speaks for itself.

39. Paragraph 39 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead quotes from or characterizes the cited statute, which speaks for itself.

40. Paragraph 40 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead quotes from or characterizes the cited statute, which speaks for itself.

41. The Commonwealth restates and incorporates by reference its responses to paragraphs 1 through 40 of the Complaint.

42. Paragraph 42 contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions. To the extent a response is required, paragraph 42 is denied.

The remaining paragraphs of the Complaint set forth the relief requested, to which no response is required. To the extent that a response might be required, the Commonwealth denies all allegations contained in those paragraphs.

## FIRST AFFIRMATIVE DEFENSE

The Commonwealth's sovereign immunity and Eleventh Amendment immunity bar Plaintiffs from seeking or obtaining any relief against the Commonwealth.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs cannot assert any claim against the Commonwealth under 42 U.S.C. § 1983.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

WHEREFORE, the Commonwealth of Massachusetts respectfully requests that this Court enter a judgment for the defendants that (1) denies with prejudice all of the relief requested in the Complaint; (2) declares that the challenged statute, M.G.L. c. 140, § 131(d)(ii)(D) does not violate, and is fully consistent with, the Second Amendment to the United States Constitution; (3) otherwise dismisses the Complaint with prejudice; and (4) grants such other relief as is proper.

Respectfully submitted,

COMMONWEALTH OF MASSACHUSETTS,

By its attorney,

MAURA HEALEY
ATTORNEY GENERAL

 /s/ Julia Kobick
Julia Kobick, BBO #680194
Assistant Attorney General
Office of the Attorney General
One Ashburton Place, 20th Floor
Boston, Massachusetts 02108
(617) 963-2559
julia.kobick@state.ma.us

Dated: October 26, 2018

## CERTIFICATE OF SERVICE

I certify that this document filed through the CM/ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 26, 2018.

/s/ Julia Kobick
Julia Kobick
Assistant Attorney General