COMMONWEALTH OF MASSACHUSETTS

UNITED STATES DISTRICT COURT

DOCKET NO. 4:18-CV-40121-TSH

ALFRED MORIN,

    Plaintiff

v.

WILLIAM LYVER, in his official capacity as NORTHBOROUGH CHIEF OF POLICE,

    Defendant

**SEPARATE STATEMENT OF MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Plaintiff, Alfred Morin, by and through undersigned counsel, and submits his separate Statement of Material Facts as to which there is no genuine dispute in support of his motion for summary judgment.

Dated: April 25, 2019

                Alfred Morin,
                By His Attorney,
                /s/ J. Steven Foley
                J. Steven Foley
                11 Pleasant St #100
                Worcester MA 01609
                BBO: 685741
                508-754-1041
                508-739-4051 (fax)
                JSteven@attorneyfoley.com

SEPARATE STATEMENT OF MATERIAL FACTS IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, Plaintiff Alfred Morin contends there are no genuine issue about the following material facts:

| No | Material Fact(s) | Support |
|---|---|---|
| 1. | Alfred Morin (Plaintiff) was issued a Class A license to carry firearms in 1985 by the Commonwealth of Massachusetts. He held the license until it expired in 2008. Morin's habit was to carry a loaded pistol on his person at all times, in a holster strapped to his ankle. In October of 2004, he drove from Massachusetts to Washington, DC to visit his daughter, and he carried his loaded pistol with him. He was not aware that his Massachusetts license was not recognized in the District of Columbia. While entering a Smithsonian Museum, he noticed a sign banning firearms. He approached a guard and asked if he could check his weapon. The guard contacted the police, who arrested him and charged him with carrying a pistol without a license, possession of an unregistered firearm, and unlawful possession of ammunition. Morin pled guilty to attempting to carry a pistol without a license, in violation of D.C. Code § 22-3204(a)(1), and possession of an unregistered firearm, in violation of D.C. Code § 6-2376. He was sentenced to sixty days in prison on each count, to run concurrently, as well as three months of supervised probation and twenty hours of community service. The prison sentence was suspended. In February of 2008, Morin applied to renew his Class A license in Massachusetts. The renewal application form required him to indicate whether he had, "in any state or federal jurisdiction," been convicted of a "violation of any law regulating the use, possession, ownership, sale, transfer, rental, receipt or transportation of weapons for which a term of imprisonment may be imposed." (Docket No. 28-2 at 3.) Morin answered "no." The Northborough Police Department ran a fingerprint check, discovered his convictions, and denied his license in accordance with Mass. Gen. Laws ch. 140, § 131(d)(ii)(D). Seven years later, in February of 2015, Morin submitted another application for a Class A license. This time, when asked the same question about previous firearms-related convictions, he answered "yes." Because of these convictions, the Chief of Police, Mark Leahy, once again denied his application. The applicable statute prohibits the issuance of a Class A license to a "prohibited person," which includes a person who "has, in any other state or federal jurisdiction, been convicted . . . for the commission of . . . a violation of any law regulating the use, possession, ownership, transfer, purchase, sale, lease, rental, receipt or transportation of weapons or ammunition for which a term of imprisonment may be imposed." Mass. Gen. Laws ch. 140, § 131(d)(ii)(D). On March 25, 2015, Morin brought [a] suit against Leahy in his official capacity as the Northborough Chief of Police, challenging the constitutionality of Mass. Gen. Laws ch. 140, §§ 129B(1)(i)(D), 129B(1)(ii)(D), and 131(d)(ii)(D). | Exhibit A - Memorandum and Order on Plaintiff's Motion for Summary Judgment, The Commonwealth's Cross-Motion for Summary Judgment, and Mark Leahy's Cross-Motion for Summary Judgment, Docket Number 4:15-CV-40048-TSH dated May 18, 2016 |

| 2. | The prior suit was dismissed by This Court, in part, because the plaintiff sought a License to Carry, the least restrictive license available in Massachusetts, allowing him to carry concealed firearms in public, and had not applied for an FID Card and Permit to Purchase Firearms. | Exhibit A - Memorandum and Order on Plaintiff's Motion for Summary Judgment, The Commonwealth's Cross-Motion for Summary Judgment, and Mark Leahy's Cross-Motion for Summary Judgment, Docket Number 4:15-CV-40048-TSH dated May 18, 2016 |
| --- | --- | --- |
| 3. | Dr. Morin subsequently applied for and FID Card and Permit to Purchase Firearms, but on April 4, 2018, Defendant Lyver wrote to Dr. Morin that he must deny his application for a Permit to Purchase Firearms as the 2004 conviction is a "statutory disqualifier under Mass. Gen. Laws ch. 140, § 131(d)(ii)(D) and Mass. Gen. Laws ch. 140, § 131A" | Exhibit B - Permit to Purchase Denial Letter |

## CERTIFICATE OF SERVICE

I, J. Steven Foley, Hereby certify that this document filed through the ECF system was served on all counsel of record.

Date: April 25, 2019

/s/ J. Steven Foley
J. Steven Foley