UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALFRED MORIN,<br><br>                    Plaintiff,<br><br>v.<br><br>WILLIAM LYVER, in his official capacity as Northborough Chief of Police,<br><br>                    Defendant,<br><br>COMMONWEALTH OF MASSACHUSETTS,<br><br>                    Intervenor-Defendant. | CIVIL ACTION NO.<br>4:18-cv-40121 |

**THE INTERVENOR-DEFENDANT COMMONWEALTH OF MASSACHUSETTS'S CROSS-MOTION FOR SUMMARY JUDGMENT**

The intervenor-defendant Commonwealth of Massachusetts cross-moves for the entry of summary judgment in its favor.

The Commonwealth is entitled to judgment on the Plaintiff's claim challenging G.L. c. 140, §§ 131(d)(ii)(D) and 131A as inconsistent with the Second Amendment to the United States Constitution. Section 131(d)(ii)(D) disqualifies the Plaintiff from obtaining a license to carry firearms because the Plaintiff was convicted in Washington D.C. of violating "law[s] regulating the . . . possession . . . of weapons or ammunition for which a term of imprisonment may be imposed." And Section 131A disqualifies the Plaintiff from obtaining a permit to purchase firearms based on those same criminal convictions. Because the Plaintiff is not among the "law-abiding, responsible citizens" protected by the Second Amendment, *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008), his disqualifications under Sections 131(d)(ii)(D) and 131A do not

1

burden the core Second Amendment right of "'law-abiding, responsible citizens to use arms in defense of hearth and home.'" *Gould v. Morgan*, 907 F.3d 659, 672 (1st Cir. 2018) (quoting *Heller*, 554 U.S. at 635). The statutes should therefore be reviewed under, at most, intermediate constitutional scrutiny, and they should be upheld under that standard because they are substantially related to the Commonwealth's important interests in preventing crime and promoting public safety.

As grounds for this motion, and in further support of this motion, the Commonwealth relies upon its Memorandum of the Commonwealth of Massachusetts in Support of Its Cross-Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment.

## REQUEST FOR ORAL ARGUMENT

Pursuant to L.R. 7.1(d), the Commonwealth requests a hearing on this motion, on the ground that oral argument is likely to be of assistance to the Court.

        Respectfully submitted,

        COMMONWEALTH OF MASSACHUSETTS,

        By its attorney,

        MAURA HEALEY
        ATTORNEY GENERAL

        /s/ Julia Kobick
        Julia Kobick (BBO #680194)
        Assistant Attorney General
        Government Bureau
        Office of the Massachusetts Attorney General
        One Ashburton Place, 20th Floor
        Boston, Massachusetts 02108
        (617) 963-2559
DATED: June 12, 2019        Julia.Kobick@state.ma.us

## **CERTIFICATE PURSUANT TO LOCAL RULE 7.1(A)(2)**

I hereby certify that on June 11, 2019, I conferred with counsel for the plaintiff, J. Steven Foley, and attempted in good faith to resolve or narrow the issues presented in the current motion.

/s/ Julia Kobick
Julia Kobick
Assistant Attorney General

## **CERTIFICATE OF SERVICE**

I certify that this document filed through the CM/ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 12, 2019.

/s/ Julia Kobick
Julia Kobick
Assistant Attorney General