UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALFRED MORIN,<br><br>     Plaintiff,<br><br>v.<br><br>WILLIAM LYVER, in his official capacity as Northborough Chief of Police,<br><br>     Defendant,<br><br>COMMONWEALTH OF MASSACHUSETTS,<br><br>     Intervenor-Defendant. | CIVIL ACTION NO.<br>4:18-cv-40121 |

## THE COMMONWEALTH'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, intervenor-defendant Commonwealth of Massachusetts respectfully submits this statement of undisputed facts material to its cross-motion for summary judgment.

1.  The plaintiff, Dr. Alfred Morin, was issued a license to carry in Massachusetts in 1985.  Declaration of Julia E. Kobick, Exhibit A, ¶ 2.

2.  Dr. Morin held that license to carry until it expired in February 2008.  Declaration of Julia E. Kobick, Exhibit B, at 1.

3.  On February 17, 2008, Dr. Morin applied to renew his Class A license with the Northborough Police Department.  The renewal application form asked, among other things, whether Dr. Morin had, "in any state or federal jurisdiction," been convicted of "a violation of any law regulating the use, possession, ownership, sale, transfer, rental, receipt or transportation

of weapons for which a term of imprisonment may be imposed." Dr. Morin falsely answered "no." Declaration of Julia E. Kobick, Exhibit B, at 2–3.

4. The Northborough Police Department then ran a fingerprint check on Dr. Morin. That fingerprint check revealed that Dr. Morin had in fact been convicted in the District of Columbia in October 2004 for violating two laws regulating the possession of weapons. Declaration of Julia E. Kobick, Exhibit C.

5. In October 2004, Dr. Morin had driven from his home in Massachusetts to Washington, D.C. with a Colt Pocket Lite pistol, loaded with five rounds of ammunition. At the time of his trip, Dr. Morin was only licensed to carry a firearm in Massachusetts, not in any of the states he passed through on the way to Washington D.C. Declaration of Julia E. Kobick, Exhibit A, ¶¶ 2–3, 5–6.

6. Once in Washington D.C., Dr. Morin brought his pistol to the American Museum of Natural History, part of the federal Smithsonian Institution. Upon noticing metal detectors at the entrance of the building, Dr. Morin asked a security guard to check his loaded pistol. The security guard notified the police, and Dr. Morin was arrested and charged with carrying a pistol without a license, possession of unregistered ammunition, and possession of an unregistered firearm. Declaration of Julia E. Kobick, Exhibit A, ¶¶ 7, 8; Exhibit D, at 4.

7. Dr. Morin pleaded guilty to attempted carrying of a pistol without a license, in violation of D.C. Code §§ 22–3204(a)(1) (2004) and 22–1803 (2004), and possession of an unregistered firearm, in violation of D.C. Code § 6–2376 (2004). Dr. Morin was sentenced to 60 days in prison on each count, to run concurrently, as well as three months' supervised probation and 20 hours of community service. Declaration of Julia E. Kobick, Exhibit E.

8. Because of these convictions, the Chief of the Northborough Police Department

denied Dr. Morin's application to renew his Class A license to carry concealed firearms, in accordance with G.L. c. 140, § 131(d)(ii)(D).  The Chief also ordered Dr. Morin to surrender any firearms he possessed, in accordance with G.L. c. 140, § 129D.  Declaration of Julia E. Kobick, Exhibit F.

9. In 2015, Dr. Morin submitted a new application for a Class A license to carry firearms.  This time, when asked if he had ever been convicted of a "violation of . . . a law regulating the . . . possession . . . of weapons or ammunition for which a term of imprisonment may be imposed," Dr. Morin answered "yes."  Declaration of Julia E. Kobick, Exhibit D.

10. Because of Dr. Morin's prior convictions, the Chief of the Northborough Police Department once again denied his application for a license to carry.  Declaration of Julia E. Kobick, Exhibit G.

11. In February 2018, Morin applied for an FID card and a permit to purchase from the Northborough Police Department. Although the Chief of the Northborough Police approved Morin's application for an FID card, he denied Morin's application for a permit to purchase because Morin's "prior convictions for firearms related offenses in Washington DC constitute a statutory disqualifier under MGL Chapter 140, Section 131(d)(ii)(D) and MGL Chapter 140, Section 131A."  Declaration of Stephen Foley, Exhibit B (ECF No. 22-2); Declaration of Julia E. Kobick, Exhibit A, ¶ 2.

Respectfully submitted,

COMMONWEALTH OF MASSACHUSETTS,

By its attorney,

MAURA HEALEY
ATTORNEY GENERAL

/s/ Julia Kobick
Julia Kobick (BBO #680194)
Assistant Attorney General
Government Bureau
Office of the Massachusetts Attorney General
One Ashburton Place, 20th Floor
Boston, Massachusetts 02108
 (617) 963-2559

DATED: June 12, 2019                                Julia.Kobick@state.ma.us

## **CERTIFICATE OF SERVICE**

     I certify that this document filed through the CM/ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 12, 2019.

/s/ Julia Kobick
Julia Kobick
Assistant Attorney General