UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ALFRED MORIN,

    Plaintiff,

v.

WILLIAM LYVER, in his official capacity as Northborough Chief of Police, and COMMONWEALTH OF MASSACHUSETTS,

    Defendants.

No. 4:18-cv-40121-TSH

## JOINT MOTION FOR JUDGMENT AND PROPOSED JUDGMENT

    Plaintiff Alfred Morin; Defendant William Lyver, as Chief of Police for the Town of Northborough ("Chief"), and Defendant Commonwealth of Massachusetts, jointly move to have this Court enter judgment in the form set forth below.  In support of this motion, the parties state as follows:

    1.    Plaintiff challenges the constitutionality of G.L. c. 140, § 131A to the extent it incorporates G.L. c. 140, § 131(d)(ii)(D) to prohibit persons with certain firearms- or ammunition-related criminal convictions from obtaining a permit to purchase firearms in Massachusetts, as statutory disqualifications that the Chief, as the licensing authority for the Town of Northborough, has no discretion to waive or bypass.  Plaintiff contends that the statutes violate the Second Amendment to

the United States Constitution. On March 4, 2020, the District Court granted summary judgment in favor of the Defendants on the claim. *See Morin v. Lyver*, 442 F. Supp. 3d 408 (D. Mass. 2020).

2. On September 14, 2021, the United States Court of Appeals for the First Circuit affirmed the District Court's entry of judgment in favor of the Defendants. *See Morin v. Lyver*, 13 F.4th 101 (1st Cir. 2021).

3. On October 3, 2022, the Supreme Court granted the Plaintiff's petition for a writ of certiorari, vacated the judgment, and remanded to the First Circuit for further consideration in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). *See Morin v. Lyver*, No. 21-1160, 2022 WL 4650932 (2022). (The First Circuit, in turn, remanded the case to this Court, upon the parties' joint request.)

4. In *Bruen*, the Supreme Court clarified the legal framework that courts must use to consider Second Amendment claims. *Bruen* held that, in lieu of the "two-step test" that this Court and most other federal courts of appeals had adopted for resolving those claims, courts must apply a standard "rooted in the Second Amendment's text, as informed by history." 142 S. Ct. at 2127. In particular, under *Bruen*, courts must determine whether "the Second Amendment's plain text" protects the conduct in which the plaintiff wishes to engage, and if it does, then decide whether the regulation "is consistent with this Nation's historical tradition

of firearm regulation." *Id.* at 2126. The government bears the burden of "demonstrat[ing] that the regulation is consistent" with historical tradition. *Id.* In assessing that historical tradition, courts must engage in "analogical reasoning" to determine whether the challenged restriction on Second Amendment rights is "relevantly similar" to a historical regulation or tradition. *Id.* at 2132-33.

5. The Supreme Court recognized that "'historical analysis can be difficult; it sometimes requires resolving threshold questions, and making nuanced judgments about which evidence to consult and how to interpret it.'" *Bruen*, 142 S. Ct. at 2130 (quoting *McDonald v. City of Chicago*, 561 U.S. 742, 803-04 (2010) (Scalia, J., concurring)). And the Court explained that Second Amendment challenges can range in their complexity and in the sources that must be consulted to determine a law's constitutionality. *See id.* at 2131-32 (noting that some Second Amendment cases "will be fairly straightforward," while others "may require a more nuanced approach").

6. The District Court previously considered the Plaintiff's Second Amendment claim under the now-inapplicable two-step test that applied in this circuit before *Bruen*. *See Morin*, 442 F. Supp. 3d at 413-14 (applying the analysis set forth in *Gould v. Morgan*, 907 F.3d 659, 668-69 (1st Cir. 2018)). Under that approach, the District Court assumed, without deciding, that the challenged Massachusetts statutes burden conduct falling within the scope of the Second

Amendment, and then analyzed the laws under intermediate scrutiny. *See id.* at 414-17. The District Court did not, accordingly, conduct an inquiry into whether the challenged laws are relevantly similar to a historical analogue.

7. The parties agree that the Court should enter the following order of judgment in favor of Plaintiff:

Under the specific facts of this case and applicable law, including but not limited to *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), the limitations contained in G.L. c. 140, § 131A to the extent it incorporates G.L. c. 140, § 131(d)(ii)(D), cannot properly be applied to Plaintiff, and Defendants should accordingly issue Plaintiff a permit to purchase pursuant to G.L. c. 140, § 131A.

                                            Respectfully submitted,

                                            ALFRED MORIN,

                                            By his attorney,

                                            /s/ David D. Jensen  
                                            David D. Jensen, Esq., No. 4234449 (NY)  
                                            David Jensen PLLC  
                                            33 Henry St.  
                                            Beacon, NY 12508  
                                            (212) 380-6615  
                                            david@djensenpllc.com

COMMONWEALTH OF MASSACHUSETTS,

By its attorney,

MAURA HEALEY
ATTORNEY GENERAL

/s/ Timothy J. Casey
Timothy J. Casey (BBO No. 650913)
Assistant Attorney General
Government Bureau
Office of the Attorney General
One Ashburton Place
Boston, Massachusetts 02108
(617) 963-2043
timothy.casey@state.ma.us

WILLIAM LYVER, CHIEF OF THE NORTHBOROUGH POLICE DEPARTMENT,

By his attorney,

/s/ Janelle M. Austin
Janelle M. Austin, No. 1141809
KP Law, P.C.
  Town Counsel
101 Arch Street, 12th Floor
Boston, Massachusetts 02110
(617) 556-0007
jaustin@k-plaw.com

Dated: March 3, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2023, the foregoing joint motion will be filed and served electronically through the CM/ECF system to the following counsel, who are registered as ECF filers:

>Timothy J. Casey
>Office of the Attorney General
>One Ashburton Place
>Boston, Massachusetts 02108
>*Counsel for Commonwealth of Massachusetts*

>Janelle M. Austin, Esq.
>KP Law, P.C.
>101 Arch Street, 12th Floor
>Boston, Massachusetts 02110
>*Counsel for Defendant-Appellee Lyver*

>/s/ David D. Jensen
>David D. Jensen
>*Attorney for Plaintiff Alfred Morin*